**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNIQUE PRODUCT** | ) | |
| **SOLUTIONS, LIMITED** | ) | **CASE NO.:** |
| **c/o BDB AGENT CO.** | ) | |
| **3800 Embassy Parkway, Suite 300** | ) | |
| **Akron, Ohio 44333** | ) | **JUDGE:** |
| | ) | |
| **Relator** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| **MARKWORT SPORTING GOODS** | ) | |
| **COMPANY** | ) | |
| **1101 Research Boulevard** | ) | |
| **St. Louis, Missouri 63132** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**COMPLAINT AND JURY DEMAND**</u>

*Qui tam* relator Unique Product Solutions, Limited ("UPS"), for its Complaint against

Defendant Markwort Sporting Goods Company ("Defendant"), alleges as follows:

<u>**BACKGROUND**</u>

1.      This is an action for false patent marking under Title 35, Section 292, of the

United States Code.

2.      Defendant has violated 35 U.S.C. § 292(a) by using invalid and

unenforceable patent rights in advertising with the purpose of deceiving the public.  More

specifically, the Defendant has marked upon, affixed to, and/or used in advertising in

connection with such products the word "patent" and/or words or numbers importing that

the product is patented, while Defendant knew, or reasonably should have known, that the

articles were improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*,  590 F.2d

1

1295, 1302-04 (Fed. Cir., 2009).

3.      35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4.      False marking deters innovation and stifles competition in the marketplace. More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5.      False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6.      False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7.      False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8.      False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9.      False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10.      35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any

person on behalf of the United States government. By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11.     UPS is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12.     UPS exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13.     In this action, UPS represents the United States and the public, including Defendant's existing and future competitors.

14.     Upon information and belief, Defendant is a Missouri corporation with its principal place of business at 1101 Research Boulevard, St. Louis, Missouri 63132.

15.     Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Ohio. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern

3

District of Ohio.

18.     Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio.  Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20.     UPS brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

## FACTS

21.     UPS  incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Upon information and belief, Defendant is a relatively large, sophisticated company.

23.     Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

24.     Upon information and belief, Defendant, and its related entities, have years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, marking its products with its patents, and advertising its products as "patented".

4

25.     Upon information and belief, throughout its history, Defendant, and its related entities, have obtained and/or maintained several U.S. patents.

26.     Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

27.     Defendant regularly uses the terms "patent" or "patent pending", or other words or numbers importing that a product is covered by a valid and enforceable patent, in the advertising of its products for sale.

28.     Defendant knows that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

29.     Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

30.     Defendant's false marking of its products has wrongfully stifled competition with respect to such products thereby causing harm to UPS, the United States, and the public.

31.     Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

32.     Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1

### FALSE MARKING

33.     The application for United States Patent No. 4,880,233 (the "'233 Patent"), titled

*Game ball,* was filed on October 3, 1988 and issued by the United States Patent and Trademark Office ("USPTO") on November 14, 1989. *See* Exhibit A.

34.     The '233 Patent expired no later than October 3, 2008, nearly 2 years ago.

35.     Defendant knew or reasonably should have known that the '233 Patent expired at least as early as 2008.

36.     As of August 9, 2010, Defendant continues to use the '233 Patent in advertising in connection with the following products (collectively, the "Safe-T-Ball Products") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '233 Patent expired nearly 2 years ago: (i) Safe-T-Ball 9" Baseball, and (ii) Safe-T-Ball 11" Softball. *See* Exhibit B at p. 16 (The portions of the 2010 Markwort Sporting Goods Company Products and Brands Catalog (the "Catalog") referenced herein are attached as Exhibit B. The Catalog in its entirety can be obtained at http://www.markwort.com/info/pdf/2010m/2010mcat.pdf (last retrieved August 9, 2010)).

37.     Defendant last updated the Catalog in 2009 and, upon information and belief, purposefully continued to use the '233 Patent in the Catalog with the intent to deceive the public. *See* Exhibit B at p. 91.

38.     Upon information and belief, Defendant continues to mark upon the Safe-T-Ball Products, or the packaging of the Safe-T-Ball Products, the '233 Patent, despite the fact that the '233 Patent expired nearly 2 years ago.

39.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Safe-T-Ball Products and marking the Safe-T-Ball Products with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

40.     Defendant intended to deceive the public by using a patent that expired nearly 2 years

ago in advertising in connection with the Safe-T-Ball Products and marking or causing to be marked the Safe-T-Ball Products with a patent that expired nearly 2 years ago.

41.     The application for United States Patent No. 4,755,948 (the "'948 Patent"), titled *Bar materials gathering control system,* was filed on June 17, 1986 and issued by the USPTO on July 5, 1988. *See* Exhibit C.

42.     The '948 Patent expired no later than June 17, 2006, more than 4 years ago.

43.     Defendant knew or reasonably should have known that the '948 Patent expired at least as early as 1990.

44.     As of August 9, 2010, Defendant continues to use the '948 Patent in advertising in connection with the following products (collective, the "Speed Sensor Products") made, used, offered for sale or sold by Defendant within the United States,  despite the fact that the '948 Patent expired over 4 years ago: (i) Speed Sensor 9" Baseball; (ii) Speed Sensor 11" Softball; and (iii) Speed Sensor 12" Softball. *See* Exhibit B at p. 21.

45.     Defendant last updated the Catalog in 2009 and, upon information and belief, purposefully continued to use the '948 Patent in the Catalog with the intent to deceive the public. *See* Exhibit B at p. 91.

46.     Not only are the Speed Sensor Products marked with the expired '948 Patent, but the Speed Sensor Products are also falsely marked because, upon information and belief, they are not covered by the '948 Patent. More specifically, the '948 Patent "relates to a control system for gathering bar materials such as steel bars in a steel bar production line in an iron and steel plant," which is unrelated to the Speed Sensor Products.

47.     Defendant continues to use in advertising and/or mark upon the Speed Sensor

Products, or the packaging of the Speed Sensor Products, the '948 Patent, despite the fact that the '948 Patent expired more than 4 years ago and does not cover the Speed Sensor Products.

48.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Speed Sensor Products and marking the Speed Sensor Products with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

49.     Defendant intended to deceive the public by using a patent that expired more than 4 years ago in advertising in connection with the Speed Sensor Products and marking or causing to be marked the Speed Sensor Products with a patent that expired more than 4 years ago.

50.     Defendant intended to deceive the public by using in advertising and marking or causing to be marked the Speed Sensor Products with a patent that clearly does not cover the Speed Sensor Products.

51.     The application for United States Patent No. 4,461,043 (the "'043 Patent"), titled *Batting accessory,* was filed on July 12, 1982 and issued by the USPTO on July 24, 1984. *See* Exhibit D.

52.     The '043 Patent expired no later than July 12, 2002, more than 8 years ago.

53.     Defendant knew or reasonably should have known that the '043 Patent expired at least as early as 2002.

54.     As of August 9, 2010, Defendant continues to use the '043 Patent  in advertising in connection with the following products (collectively, the "ProHitter Products") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '043 Patent expired more than 8 years ago: (i) ProHitter Sidekick, and (ii) ProHitter Direct Protect. *See* Exhibit B at p. 31.

55.     Defendant last updated the Catalog in 2009 and, upon information and belief,

purposefully continued to use the '043 Patent in the Catalog with the intent to deceive the public. *See* Exhibit B at p. 91.

56.     Upon information and belief, Defendant continues to mark upon the ProHitter Products, or the packaging of the ProHitter Products, the '043 Patent, despite the fact that the '043 Patent expired over 8 years ago.

57.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the ProHitter Products and marking the ProHitter Products with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

58.     Defendant intended to deceive the public by using a patent that expired more than 8 years ago in advertising in connection with the ProHitter Products and marking or causing to be marked the ProHitter Products with a patent that expired more than 8 years ago.

59.     The application for United States Patent No. 4,128,238 (the "'238 Patent"), titled *Practice Baseball,* was filed on November 1, 1976 and issued by the USPTO on December 5, 1978. *See* Exhibit E.

60.     The '238 Patent expired no later than November 1, 1996, more than 13 years ago.

61.     Defendant knew or reasonably should have known that the '238 Patent expired at least as early as 1996.

62.     The application for United States Patent No. 4,286,783 (the "'783 Patent"), titled *Practice Baseball,* was filed on May 22, 1980 and issued by the USPTO on September 1, 1981. *See* Exhibit F.

63.     The '783 Patent expired no later than May 22, 2000, more than 10 years ago.

64.     Defendant knew or reasonably should have known that the '783 Patent expired at least

9

as early as 2000.

65.      As of August 10, 2010, Defendant continues to use the '238 Patent and '783 Patent in advertising in connection with the following product (the "Automatic Curveball Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '238 Patent expired more than 13 years ago and the '783 Patent expired more than 10 years ago: Automatic Curveball. *See* Exhibit G at p. 30 (The portions of the 2010 Markwort Sporting Goods Company Wholesale Product Line Catalog (the "WholesaleCatalog") referenced herein are attached as Exhibit G. The Wholesale Catalog in its entirety can be obtained at http://www.markwort.com/info/pdf/2010bw/2010bw.pdf (last retrieved August 10, 2010)).

66.      Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '238 Patent and '783 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

67.      Upon information and belief, Defendant continues to mark upon the Automatic Curveball Product, or the packaging of the Automatic Curveball Product, the '239 Patent, despite the fact that the '238 Patent expired over 13 years ago, and the '783 Patent, despite the fact that the '783 Patent expired over 10 years ago.

68.      Defendant knew or should have known that the use of expired and invalid patents in advertising of the Automatic Curveball Product and marking the Automatic Curveball Product with expired and invalid patents violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

69.      Defendant intended to deceive the public by using patents that expired more than 13 years ago and 10 years ago, respectively, in advertising in connection with the Automatic Curveball Product and marking or causing to be marked the Automatic Curveball Product with patents that expired

more than 13 years ago and 10 years ago, respectively.

70.     The application for United States Patent No. 4,819,935 (the "'935 Patent"), titled *Training bat for ball games,* was filed on December 2, 1987 and issued by the USPTO on April 11, 1989. *See* Exhibit F.

71.     The '935 Patent expired no later than December 2, 2007, more than 2 years ago.

72.     Defendant knew or reasonably should have known that the '935 Patent expired at least as early as 2007.

73.     As of August 10, 2010, Defendant continues to use the '935 Patent in advertising in connection with the following product (the "Warm-up Bat Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '935 Patent expired more than 2 years ago: Dirx Warm-Up Bat. *See* Exhibit G at p. 37.

74.     Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '935 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

75.     Upon information and belief, Defendant continues to mark upon the Warm-up Bat Product, or the packaging of the Warm-up Bat Product, the '935 Patent, despite the fact that the '935 Patent expired over 2 years ago.

76.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Warm-up Bat Product and marking the Warm-up Bat Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

77.     Defendant intended to deceive the public by using a patent that expired more than 2 years ago in advertising in connection with the Warm-up Bat Product and marking or causing to be

marked the Warm-up Bat Product with a patent that expired more than 2 years ago.

78.     The application for United States Patent No. 4,867,451 (the "'451 Patent"), titled *Combination of a flexible handle and a ball,* was filed on April 1, 1988 and issued by the USPTO on September 19, 1989. *See* Exhibit H.

79.     The '451 Patent expired no later than April 1, 2008, more than 2 years ago.

80.     Defendant knew or reasonably should have known that the '451 Patent expired at least as early as 2008.

81.     As of August 10, 2010, Defendant continues to use the '451 Patent in advertising in connection with the following product (the "FlyBall Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '451 Patent expired more than 2 years ago: FlyBall w/Sling Shot Action. *See* Exhibit G at p. 53.

82.     Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '451 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

83.     Upon information and belief, Defendant continues to mark upon the FlyBall Product, or the packaging of the FlyBall Product, the '451 Patent, despite the fact that the '451 Patent expired over 2 years ago.

84.     Defendant knew or should have known that the use of an expired and invalid patent in advertising of the FlyBall Product and marking the FlyBall Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

85.     Defendant intended to deceive the public by using a patent that expired more than 2 years ago in advertising in connection with the FlyBall Product and marking or causing to be marked the

FlyBall Product with a patent that expired more than 2 years ago.

86.      The application for United States Patent No. 4,723,779 (the "'779 Patent"), titled *Base with tapered sides,* was filed on April 5, 1982 and issued by the USPTO on February 9, 1988. *See* Exhibit I.

87.      The '779 Patent expired no later than February 9, 2005, more than 5 years ago.

88.      Defendant knew or reasonably should have known that the '779 Patent expired at least as early as 2005.

89.      As of August 10, 2010, Defendant continues to use the '779 Patent in advertising in connection with the following product (the "Slider Base Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '779 Patent expired more than 5 years ago: Saf-T Slider Base. *See* Exhibit G at p. 97.

90.      Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '779 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

91.      Upon information and belief, Defendant continues to mark upon the Slider Base Product, or the packaging of the Slider Base Product, the '779 Patent, despite the fact that the '779 Patent expired over 5 years ago.

92.      Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Slider Base Product and marking the Slider Base  Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

93.      Defendant intended to deceive the public by using a patent that expired more than 5 years ago in advertising in connection with the Slider Base Product and marking or causing to be marked

the Slider Base Product with a patent that expired more than 5 years ago.

94.     The application for United States Patent No. 5,000,447 (the "'447 Patent"), titled *Deformable,* was filed on March 17, 1989 and issued by the USPTO on March 19, 1991. *See* Exhibit J.

95.     The '447 Patent expired no later than March 17, 2009, more than 1 year ago.

96.     Defendant knew or reasonably should have known that the '447 Patent expired at least as early as 2009.

97.     As of August 10, 2010, Defendant continues to use the '447 Patent in advertising in connection with the following product (the "Release Base Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '447 Patent expired more than 1 year ago: HOLLYWOOD Impact KWIK-Release Bases. *See* Exhibit G at p. 97.

98.     Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '447 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

99.     Upon information and belief, Defendant continues to mark upon the Release Base Product, or the packaging of the Release Base Product, the '447 Patent, despite the fact that the '447 Patent expired over 1 year ago.

100.    Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Release Base Product and marking the Release Base Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

101.    Defendant intended to deceive the public by using a patent that expired more than 1 year ago in advertising in connection with the Release Base Product and marking or causing to be marked

the Release Base Product with a patent that expired more than 1 year ago.

102.    The application for United States Design Patent No. D283,557 (the "'557 Patent"), titled *Athletic sock,* was issued by the USPTO on April 29, 1986. *See* Exhibit K.

103.    The '557 Patent expired no later than April 29, 2000, more than 10 years ago.

104.    Defendant knew or reasonably should have known that the '557 Patent expired at least as early as 2000.

105.    As of August 10, 2010, Defendant continues to use the '557 Patent in advertising in connection with the following product (the "Sock Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '557 Patent expired more than 10 years ago: Ribbon Stirrup Look 2 n 1 Sanitary Hose w/Knit-In Stirrup. *See* Exhibit G at p. 104.

106.    Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '557 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

107.    Upon information and belief, Defendant continues to mark upon the Sock Product, or the packaging of the Sock Product, the '557 Patent, despite the fact that the '557 Patent expired over 10 years ago.

108.    Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Sock Product and marking the Sock  Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

109.    Defendant intended to deceive the public by using a patent that expired more than 10 years ago in advertising in connection with the Sock Product and marking or causing to be marked the Sock Product with a patent that expired more than 10 years ago.

110.    The application for United States Patent No. 4,887,811 (the "'811 Patent"), titled *Baseball slide practice devise,* was filed on January 13, 1989 and issued by the USPTO on December 19, 1989.  *See*  Exhibit L.

111.    The '811 Patent expired no later than January 13, 2009, more than 1 year ago.

112.    Defendant knew or reasonably should have known that the '811 Patent expired at least as early as 2009.

113.    As of August 10, 2010, Defendant continues to use the '811 Patent in advertising in connection with the following product (the "Slide-Rite Product") made, used, offered for sale or sold by Defendant within the United States, despite the fact that the '811 Patent expired more than 1 year ago: Slide-Rite by Tom Tresh.  *See* Exhibit G at p. 110.

114.    Defendant last updated the Wholesale Catalog in 2009 and, upon information and belief, purposefully continued to use the '811 Patent in the Wholesale Catalog with the intent to deceive the public. *See* Exhibit G, at p. 121-22.

115.    Upon information and belief, Defendant continues to mark upon the Slide-Rite Product, or the packaging of the Slide-Rite Product, the '811 Patent, despite the fact that the '811 Patent expired over 1 year ago.

116.    Defendant knew or should have known that the use of an expired and invalid patent in advertising of the Slide-Rite Product and marking the Slide-Rite Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

117.    Defendant intended to deceive the public by using a patent that expired more than 1 year ago in advertising in connection with the Slide-Rite Product and marking or causing to be marked the Slide-Rite Product with a patent that expired more than 1 year ago.

118.    Upon information and belief, Defendant has used in the advertising of additional products not referenced in this Complaint the terms "patent" or "patent pending", or words or numbers otherwise importing that the product is patented, when, in fact, the product is not covered by a valid and existing patent or a pending application for a patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Relator, Unique Product Solutions, Limited requests the Court, pursuant to 35 U.S.C. § 292, to:

A.    Enter judgment against Defendant and in favor of UPS for the violations alleged in this Complaint;

B.    Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292 by using in advertising the '233 Patent, the '948 Patent, the '043 Patent, the '238 Patent, the '783 Patent, the '935 Patent, the '451 Patent, the '779 Patent, the '447 Patent, the '557 Patent or the '811 Patent (collectively, the "Expired Patents"), or marketing, selling or offering for sale any product that is marked (including packaging) with any of the Expired Patents;

C.    Enter an injunction ordering Defendant to recall all products, including, without limitation, the Safe-T-Ball Products, the Speed Sensor Products, the ProHitter Products,  the Automatic Curveball Product, the Warm-up Bat Product, the FlyBall Product, the Slider Base Product, the Release Base Product, the Sock Product, and the Slide-Rite Product (collectively, the "Falsely Marked Products"), that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with any of the Expired Patents, after the expiration date of said patent(s);

17

D.    Order Defendant to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to UPS;

E.    Enter a judgment and order requiring Defendant to pay UPS prejudgment and post-judgment interest on the damages awarded;

F.    Order Defendant to pay UPS's costs and attorney fees; and

G.    Grant UPS such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED:  August 11, 2010                    Respectfully submitted:

_/s/ David J. Hrina_____
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)

BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Plaintiff
Unique Product Solutions, Limited

«AK3:1037316_v1»

18